UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE


| | | |
|---|---|---|
| JOAN BAKER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 3:05-CV-187 |
| | ) | (Shirley) |
| NATIONAL SEATING COMPANY, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM AND ORDER

This case is before the undersigned pursuant to 28 U.S.C. § 636(c), Rule 73(b) of the

Federal Rules of Civil Procedure, and the consent of the parties, for all further proceedings,

including entry of judgment [Doc. 8].

### I. Plaintiff's Motion for Liquidated Damages and Prejudgment Interest

This matter was tried before a jury on February 1, 2, and 7, 2006. Upon conclusion

of the proof, the jury returned a verdict in favor of the plaintiff, awarding her $45,490.00 in back pay

and $293,768.00 in front pay. The jury also specifically found that the defendant National Seating

did not act in good faith or with reasonable grounds for believing that its act or omission was not

a violation of the FMLA. [Doc. 54]. Following the return of the verdict, the plaintiff made an oral

motion for an award of liquidated damages and prejudgment interest. The Court permitted the

parties to file post-trial briefs on these issues. Having considered the parties' briefs and the record

as a whole, the Court **GRANTS** the plaintiff's oral motion as follows:

## Liquidated Damages

Section 2617(a)(1)(A)(iii) of the FMLA provides that, in addition to compensatory damages specified in § 2617(a)(1)(A)(i) and (ii), an employer shall be liable for an amount of liquidated damages, equal to the amount of wages, salary, employment benefits, or other compensation denied or lost to an employee by reason of an employer's violation of § 2615 of the FMLA, plus interest on that amount. 29 U.S.C. § 2617(a)(1)(A)(iii). An award of liquidated damages is "the norm in cases where an employer violates § 2615." Hoge v. Honda of America Mfg., Inc., 382 F3.d 238, 251 (6th Cir. 2004). The Court may exercise its discretionary authority to reduce or eliminate the award of liquidated damages only if the employer "proves to the satisfaction of the court that the act or omission which violated section 2615 of this title was in good faith and that the employer had reasonable grounds for believing that the act or omission was not a violation of section 2615." 29 U.S.C. § 2617(a)(1)(A)(iii). "The employer must therefore show *both* good faith *and* reasonable grounds for the act or omission." Chandler v. Specialty Tires of America (Tennessee), Inc., 283 F.3d 818, 827 (6th Cir. 2002).

Based on the evidence presented at trial, the Court finds that the defendant National Seating did not act in good faith or with reasonable grounds for believing that its actions did not violate the FMLA. Specifically, the Court finds that the defendant failed to produce evidence sufficient to indicate that it acted in good faith and with reasonable grounds for believing that (1) contacting the plaintiff's physician about her FMLA leave, (2) failing to provide the required information in the Associate's Handbook, and (3) failing to provide the plaintiff with notice of her rights, entitlements and obligations with respect to absences from work on account of a serious health condition did not violate the FMLA. Furthermore, the Court finds that the evidence

2

established that the defendant failed to act in good faith and failed to act with reasonable grounds when it terminated the plaintiff's employment on July 28, 2004. The Court notes that its findings are consistent with the jury's findings on these issues. Accordingly, the Court will award the plaintiff liquidated damages in an amount equal to the backpay award of $45,490.00, plus interest.

## Prejudgment Interest

The FMLA further provides that an employer who violates the FMLA shall be liable to the employee for the interest on the award of lost wages, salary, employment benefits, or other compensation "calculated at the prevailing rate." 29 U.S.C. § 2617(a)(1)(A)(ii). "[T]he language of section 2617 indicates that an award of interest is mandatory." Hite v. Vermeer Mfg. Co., 361 F. Supp. 2d 935, 948 (S.D. Iowa 2005). The decision of which rate of interest to use in calculating prejudgment interest is a matter of discretion with the Court. Endico Potatoes, Inc. v. CIT Group/Factoring, Inc., 67 F.3d 1063, 1071 (2d Cir. 1995).

Courts have used various sources to calculate an appropriate prejudgment interest rate, including the prime rate, the statutory post-judgment interest rate, and the state statutory rate. See Hite, 361 F. Supp. 2d at 949 (citing cases). The plaintiff in the present case proposes using the rate of 5.77%, which the plaintiff contends was the average prime rate between July, 2004 and January, 2006.

Upon consideration of several economic and financial indicators, the Court finds that an interest rate of 4% is a fair approximation of the prevailing rate the plaintiff would have received during the relevant period. Accordingly, the Court will award prejudgment interest on the backpay award of $45,490.00 at a rate of 4% from the date of the plaintiff's termination from National Seating on July 28, 2004 to the date of the judgment in this case.

## II. Defendant's Motion for an Order of Reinstatement

The defendant moves the Court to grant the plaintiff reinstatement to her former position in lieu of front pay, or in the alternative, to fully remit, or otherwise decline to grant, the front pay awarded by the jury.  In support of this motion, the defendant states that it is prepared to reinstate the plaintiff to her former position, at the pay and benefit level she would have received had she remained continuously employed, and with any other similar conditions ordered by the Court.  In the event that the plaintiff is unwilling to accept reinstatement, the defendant moves the Court, in the alternative, to fully remit the front pay award granted by the jury, or otherwise decline to enter judgment on the grounds that the plaintiff is bound to accept a reasonable offer of comparable employment, *i.e.*, her former position with National Seating. [Doc. 55].

The plaintiff opposes the defendant's motion, arguing that she has not sought reinstatement and that at no time prior to the verdict being rendered did the defendant offer her reinstatement.  The plaintiff further argues that the defendant has waived any objection to the Court submitting the front pay issue to the jury; that the Court properly submitted the front pay issue to the jury; and that the award of front pay was proper. [Doc. 60].

The Court notes at the outset that at no point during the course of this trial or during any of the pretrial proceedings did the defendant represent to the Court that it would consider reinstatement of the plaintiff to her former position.  Nor did the defendant make any such representations to the jury or offer any evidence or even argument on the issue of reinstatement.  In fact, the only evidence and argument offered by National Seating at trial involved the issue of front pay and whether such award should be reduced by the plaintiff's failure to mitigate.  The defendant submitted a proposed jury instruction on front pay, which the Court adopted, as modified, and

4

charged to the jury, as well as a proposed verdict form that contained "front pay" as a category of damages. At no time did National Seating object to the issue of front pay being presented to the jury. If anything, the defendant's actions and representations both before and during the trial indicated to the Court that the parties were in agreement that the issue of front pay was one that should be charged to the jury and that, therefore, the issue of reinstatement was simply not at issue. Having failed to properly object to the front pay issue being charged to the jury and having waived the right to seek reinstatement as a remedy, the Court finds that the defendant has waived any objection to the Court submitting this issue to the jury for adjudication. See Fed. R. Civ. P. 51(b), (c) and (d).

While the defendant is correct that reinstatement is "the presumptively favored equitable remedy," Arban v. West Pub. Co., 345 F.3d 390, 406 (6th Cir. 2003), reinstatement is not appropriate where there would be hostility if the plaintiff were returned to her former position. Henry v. Lennox Industries, 768 F.2d 746, 752-53 (6th Cir. 1985). The evidence presented at trial supports a finding that hostility of the employer or other employees would result if the plaintiff was reinstated. Moreover, National Seating has not presented any evidence that it has offered reinstatement to the plaintiff or that reinstatement is a viable remedy at this point. See Roush v. KFC Nat'l Mgmt. Co., 10 F.3d 392, 398 (6th Cir. 1993) (in an age discrimination case, denying defendant's request for the reinstatement of plaintiff where defendant "presented no evidence suggesting that it has offered reinstatement or that reinstatement is even a viable remedy given the apparent hostility generated" between the parties). Based upon the evidence presented at trial, the Court determined, and both parties agreed (tacitly, if not expressly), that front pay was an appropriate remedy in this case, and thus the Court charged the jury on that issue.

5

Furthermore, the Court finds that the evidence supports the jury's award of front pay. Dr. Robert A. Bohm, an economist and University of Tennessee professor, testified without objection that the plaintiff's back pay was $45,490.00 and that her front pay from the date of trial to age 66 was $293,768.00. The defendant offered no proof to the contrary. The evidence further supports the jury's finding that the plaintiff made reasonable attempts to mitigate her damages. The plaintiff testified regarding her attempts to secure other employment, including cooperating with the vocational consultant hired by the defendant. Based upon the plaintiff's testimony, the jury could reasonable conclude that the plaintiff made reasonable efforts to secure gainful employment and therefore, reduction of the front pay award for failure to mitigate damages was not appropriate.

For the foregoing reasons, the defendant's Motion for an Order of Reinstatement, or in the Alternative, Remititur of Front Pay Award [Doc. 55] is **DENIED**.

**IT IS SO ORDERED.**

ENTER:

    s/ C. Clifford Shirley, Jr.
United States Magistrate Judge

6