UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| JOAN BAKER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 3:05-CV-187 |
| | ) | (Shirley) |
| NATIONAL SEATING COMPANY, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM AND ORDER

This case is before the undersigned pursuant to 28 U.S.C. § 636(c), Rule 73(b) of the Federal Rules of Civil Procedure, and the consent of the parties, for all further proceedings, including entry of judgment [Doc. 8].

### I. BACKGROUND

This is a civil action brought pursuant to the Family and Medical Leave Act of 1993, 29 U.S.C. § 2601, *et seq.* ("FMLA"). The plaintiff, Joan Baker, alleged that the defendant, National Seating Company, interfered with her FMLA rights in several ways, including violating her rights under the FMLA by terminating her employment.

This case proceeded to a trial by jury on February 1, 2006. After a three-day trial, the jury returned a verdict in favor of the plaintiff, awarding her $293,768.00 in front pay and $45,490.00 in back pay. The jury also found that the defendant did not act in good faith or with reasonable grounds for believing that it did not violate the FMLA. [Doc. 54]. Based upon the jury's determination of the defendant's lack of good faith, the Court awarded the plaintiff liquidated

damages in an amount equal to the backpay award of $45,490.00, plus interest, calculated at 4%. The defendant moved post-trial for an order of reinstatement or, in the alternative, for an remititur of the front pay award [Doc. 55]. The Court denied this motion [Doc. 63].

The plaintiff now moves for an award of attorneys' fees in the amount of $111,251.75 and costs in the amount of $10,268.28. [Doc. 66]. In support of her motion, the plaintiff submits a bill of costs, as well as the affidavits of attorneys Pamela L. Reeves, Ronald A. Rayson, Beecher A. Bartlett, and Robert P. Murrian.

While the defendant does not challenge the plaintiff's right to such an award or the hourly rates requested by plaintiff's counsel, the defendant does challenge the reasonableness of certain time entries and accordingly requests a reduction of the award. [Doc. 69].

## II. ANALYSIS

### A. Calculation of the Lodestar Amount

The FMLA provides that "[t]he court in such an action shall, in addition to any judgment awarded to the plaintiff, allow a reasonable attorney's fee, reasonable expert witness fees, and other costs of the action to be paid by the defendant." 29 U.S.C. § 2617(a)(3).

"'The primary concern in an attorney fee case is that the fee awarded be reasonable,' that is, one that is adequately compensatory to attract competent counsel yet which avoids producing a windfall for lawyers." Adcock-Ladd v. Secretary of Treasury, 227 F.3d 343, 349 (6th Cir. 2000) (quoting Reed v. Rhodes, 179 F.3d 453, 471 (6th Cir. 1999)). In deciding what constitutes a reasonable fee, the Court begins with determining the "lodestar" amount, which is calculated by multiplying the number of hours reasonably expended by a reasonable hourly rate. Hensley v. Eckerhart, 461 U.S. 424, 433 (1983).

2

Case 3:05-cv-00187   Document 72   Filed 03/28/06   Page 2 of 9   PageID #: 204

The Court may consider the following factors in calculating the basic lodestar fee:

> (1) the time and labor required by a given case; (2) the novelty and difficulty of the questions presented; (3) the skill needed to perform the legal service properly; (4) the preclusion of employment by the attorney due to acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or the circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the "undesirability" of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases.

Adcock-Ladd, 227 F.3d at 349 n.8 (quoting Reed, 179 F.3d at 471-72 n.3). One of the most important factors for the Court to consider is the result obtained. Id. "Where a plaintiff has obtained excellent results, his attorney should recover a fully compensatory fee." Hensley, 461 U.S. at 435.

The lodestar method, however, "does not solve the problem of excessive hours." Coulter v. Tennessee, 805 F.2d 146, 150 (6th Cir. 1986). Thus, a Court, within its discretion, may reduce the total number of hours claimed if they are unreasonable. Anglo-Danish Fibre Indus., Ltd. v. Columbian Rope Co., No. 01-2133-GV, 2003 WL 223082, at *3 (W.D. Tenn. Jan. 28, 2003). The plaintiff has the burden of demonstrating that the amount of hours claimed is reasonable. See Blum v. Stenson, 465 U.S. 886, 897 (1984).

**B.     Hourly Rate**

The plaintiff submits that the prevailing market rate in the Knoxville community is $250.00 per hour for attorneys Bartlett and Murrian, $180.00 per hour for associate attorney Ann E. Sartwell, and $75.00 for paralegals and law clerks. In support of this contention, the plaintiff submits the affidavits of attorneys Pamela L. Reeves, Ronald A. Rayson, Beecher A. Bartlett, Jr., and Robert P. Murrian.

3

The defendant does not oppose the hourly rates requested by the plaintiff. Upon review of the affidavits submitted in support of the plaintiff's application, the Court finds that the hourly rates requested are reasonable and are not in excess of "the market rates necessary to encourage competent lawyers to undertake the representation in question." Coulter, 805 F.2d at 149.

### C. Number of Hours

The defendant challenges certain time entries made by the plaintiff's attorneys, as well as some of the claimed costs in the bill of costs. The defendant's objections are set forth in exhibit 1 to the defendant's response [Doc. 69]. The Court will address each of the defendant's objections in turn.

#### 1. Multiple Attorneys at Depositions

The defendant objects to multiple attorneys attending discovery depositions. The defendant argues that it was not necessary or reasonable for two attorneys, particularly two very experienced attorneys, to attend such depositions, and the defendants asks the Court to reduce the requested award by allowing charges for only one attorney at depositions.

The plaintiff counters that both of her attorneys took an active part in formulating questions and making judgments about the credibility of the deponents, and that had one attorney not attended, it would have been necessary for that attorney to have read the deposition later and thus incurred the billed time anyway.

The Court agrees with the defendant that the attendance of both of the plaintiff's attorneys at discovery depositions was duplicative. While there is nothing inherently unreasonable about a client having multiple attorneys, they should be compensated only "if they are not unreasonably doing the same work and are being compensated for the distinct contribution of each

4

lawyer." Norman v. Housing Authority of City of Montgomery, 836 F.2d 1292, 1302 (11th Cir. 1988). Accordingly, the Court finds that the following deductions should be made from the plaintiff's award:

| Date | Amount |
|------|--------|
| 9/15/05 | $ 750.00 |
| 9/29/05 | 750.00[1] |
| 10/11/05 | 625.00 |
| 12/19/05 | 375.00 |
| 1/23/06 | 500.00 |
| 1/26/06 | 500.00 |
| Total | $ 3,500.00 |

**2.    Paralegal Attending Trial**

Next, the defendant requests a reduction for paralegal time spent in attending trial. For grounds, the defendant argues that the paralegal's role was apparently to observe, and that the Court should not allow a charge on that basis. The plaintiff responds that the paralegal assisted counsel at trial and was present to help coordinate witnesses.

The Court agrees that the paralegal's presence at trial was not necessary, especially in light of the fact that two experienced attorneys were in attendance at all times. Accordingly, the

---

[1] In its exhibit 1, the defendant refers to a September 5, 2005 entry for duplicative attendance at a discovery deposition and requests a $625 reduction for this duplication. The Court, in reviewing the plaintiff's attorneys' billing summary could not find a September 5, 2005 entry related to depositions but did note that both of the plaintiff's attorneys attended depositions and performed other tasks on September 29, 2005, resulting in each attorney charging 6.5 hours. Because the billing summary lumps multiple tasks together for one time entry, the Court is not readily able to ascertain how much of the time claimed for September 29, 2005 was spent in depositions. The Court finds it reasonable to deduct 3.0 hours ($750.00) from this entry for duplicative time spent in depositions.

Court finds the charges for the paralegal's attendance at trial to be unreasonable, and the requested amount of $1,402.50 will therefore be deducted from the plaintiff's award.

### 3. Response to Summary Judgment Motion

The defendant objects to an entry on July 20, 2005 for one hour spent drafting a response to a summary judgment motion. The defendant argues that no such motion was ever filed in this case. The plaintiff responds that the subject entry was a mistake, and does not oppose the suggested reduction of $250.00. Accordingly, this amount will be deducted from the plaintiff's award.

### 4. Multiple Attorneys Meeting with Expert

The defendant objects to both of plaintiff's attorneys participating in a meeting with plaintiff's expert Charles Minor on January 11, 2006. The defendant argues that having both attorneys meet with this expert was duplicative. The plaintiff argues that both attorneys were actively involved in preparing Mr. Minor for trial, and that it was necessary for both attorneys to work carefully with him in order to prepare him for trial. The Court agrees with the defendant that this work appears to be duplicative, and therefore, 1.5 hours of time ($375.00) will be deducted from the plaintiff's fee award.

### 5. Rule 11 Motion

The defendant objects to time spent on February 15, 2006 on a proposed Rule 11 motion that was never filed. While the plaintiff concedes that she decided not to file this particular motion, she nevertheless argues that the time spent on legal research and drafting of the motion should still be compensated. In light of the fact that the motion was never pursued, the Court agrees

6

that this is an unreasonable charge, and therefore, the plaintiff's fee award will be reduced by $250.00.

### 6. Other Challenged Entries

The defendant challenges the 4.2 hour entry by associate attorney Ann Sartwell for review of the file and drafting the complaint in this matter. The defendant argues that this amount appears excessive. The Court does not find this charge to be unreasonable under the circumstances. Accordingly, no deduction will be made from the fee award on this basis.

The defendant next objects to an entry on September 2, 2005 relating to the preparation of a subpoena for Mike Bertram. The defendant argues that Mr. Bertram was never subpoenaed and never became a witness in this case. The plaintiff responds that counsel made the decision not to subpoena Mr. Bertram after the paralegal had prepared a subpoena and left a message for him. Mr. Bertram was listed on the defendant's witness list filed January 3, 2006. Under the circumstances, the Court does not find the preparation of the subpoena for Mr. Bertram to be unreasonable, and therefore, the Court will not strike this particular entry.

Next, the defendant objects to an entry made by a paralegal on September 14, 2005 for research on the defendant's financial status. For grounds, the defendant argues that no punitive damages were allowed in this case. The plaintiff responds that research into the collectability of any judgment that might be obtained is a legitimate pursuit. The Court agrees. "The question is not whether a party prevailed on a particular motion, nor whether, in hindsight, the time expended was strictly necessary to obtain relief achieved; instead, the question is whether a reasonable attorney would believe the work to be reasonably expended in pursuit of success at the time when the work

7

was performed." Anglo-Danish Fibre Indus., 2003 WL 223082, at *3. Accordingly, the Court will not reduce the plaintiff's fee award on this basis.

The defendant also objects to a charge for .3 hours made by a paralegal on September 21, 2005 for a cover letter to return documents to the plaintiff. The defendant argues that this does not involve legal work. The plaintiff argues that this is a legitimate charge, and she notes that the amount claimed is much less than that which could have been claimed if an attorney had drafted and sent the letter. The Court agrees with the plaintiff that this particular charge is reasonable, and therefore, the plaintiff's fee award will not be reduced on this basis.

**D. Costs**

The defendant objects to the proposed charge of $87.69 for mileage in the bill of costs. The defendant argues that this is not an allowable expense under 28 U.S.C. § 1920. The plaintiff concedes that this is not an allowable cost, and therefore, $87.69 shall be deducted from the plaintiff's bill of costs. In all other respects, the plaintiff's request for an award of costs (including expert witness fees) appears reasonable, and accordingly, the plaintiff shall be awarded $7,292.00 in expert witness fees and $2,888.59 in costs, for a total of $10,180.59.

## III. CONCLUSION

For the foregoing reasons, Plaintiff's Application for an Award of Attorneys' Fees, Expert Fees and Other Costs [Doc. 66] is **GRANTED**. The plaintiff is hereby awarded attorney's fees and costs in the following amounts:

| | |
|---|---|
| Fee Requested | $111,251.75 |
| Deductions | (5,777.50) |
| **Total Fee Awarded** | **$105,474.25** |
| | |
| Costs Requested | $10,268.28 |
| Deduction | (87.69) |
| **Total Costs Awarded** | **$10,180.59** |

**IT IS SO ORDERED.**

ENTER:

s/ C. Clifford Shirley, Jr.
United States Magistrate Judge